[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
CT Page 4587
This is a personal injury action brought by the plaintiff, Frederick J. Haesche ("Haesche") against, inter alia, the defendant South Central Regional Water Authority ("Water Authority"). Haesche's complaint alleges that while marching in a parade as a member of the Governor's Foot Guard, he stepped into a pothole on Goffe Street in New Haven and fell sustaining an injury to his eye. In the area where the fall allegedly occurred, there is a patch in the pavement of the road. The pavement is depressed in the area of the patch creating a "pot hole" effect that is about one inch deep. The Water Authority, in its motion for summary judgment, asserts that it did not do the excavation work that resulted in the patch and therefore is entitled to judgment in its favor. In support of its motion, the Water Authority relies on the affidavit Anthony Beccia, Construction
Manager for the Water Authority wherein Mr. Beccia states that his review of the Water Authority records indicates that the Water Authority never performed excavation work at the location identified in Haesche's complaint.
The law of summary judgment is well settled and needs no extended discussion. Pursuant to Practice Book § 17-49, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.
Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. UnitedTechnologies Corp., 223 Conn. 732, 751 (1995). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party.Hertz Corp. v. Federal Ins. Co., 245 Conn. 374, 381 (1998). A genuine issue has been variously described as a triable, substantial or real issue of fact . . . and has been defined as one which can be maintained by substantial evidence. United OilCo. v. Urban Development Commission, 158 Conn. 364, 378 (1969). In ruling on a motion for summary judgment, the court's function is not to decide issue of material fact, but rather to determine whether any such issues exist. Nolan v. Borkowski, 206 Conn. 495,500 (1988). CT Page 4588
In response to the claims of the Water Authority, Haesche asserts that there exists a genuine issue of material fact as to whether the Water Authority performed the excavation work that resulted in the patched pavement. Haesche points to three factors suggesting that the Water Authority was responsible for the excavation. First, City maps show a water line lying under Goffe street in the location of the road patch. Second, Brian Funk, Deputy Director of Public Works for the City of New Haven testified at his deposition that the excavation was done at the direction of the Water Authority. Third, Anthony Beccia, the Construction Manager for the Water Authority, at his deposition, was only able to testify as to Water Authority construction activity on Goffe Street that occurred after the date of Haesche's accident.[1]
At this point, there is a conflict in the evidence as to whether or not the Water Authority was responsible for the allegedly defective pavement patch involved in this case. To a large extent the result of this lawsuit will turn on resolution of this conflict. This factual dispute presents an issue of material fact such that summary judgment is not warranted.
For the reasons set forth above, the Water Authority's motion for summary judgment is denied.
So ordered at New Haven, Connecticut this 8th day of April, 1999.
Robert J. Devlin, Jr. Judge of the Superior Court